UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CR-109-KAC-JEM-2 |
| GEORGE ERNEST RIDDLE, | ) |
| Defendant. | ) |

**ORDER**

This criminal action is before the Court on a "Petition for Hearing to Adjudicate Validity of Interest" [Doc. 49] filed by Petitioner Farm Credit Mid-America FLCA. On June 25, 2024, the United States and Defendant filed an "Agreed Preliminary Order of Forfeiture" [Doc. 40] in which Defendant agreed to forfeit his interests in various tracts of real property under 21 U.S.C. § 853 [Doc. 40 at 2-6]. On October 24, 2024, the United States filed a "Notice of Forfeiture" [Doc. 47], notifying any third party possessing "a legal interest" in any of the seized property that the third party must petition the Court "for a hearing to adjudicate the validity of [any] alleged legal interest in the properties" "within thirty (30) days of the final publication of [the] notice or receipt of written notice, whichever is earlier" [Doc. 47 at 6]. On November 25, 2024, Petitioner filed the instant Claim, asserting a legal interest in two (2) tracts of real property located at or near "Bacon Springs Lane, Clinton Tennessee" [Doc. 49 at 1, 3]. Petitioner claims that it "made a loan to [Defendant]," which "was and is secured by a valid and perfected lien via a Deed of Trust" against Defendant's relevant property interests [*Id.* at 1].

Federal Rule of Criminal Procedure 32.2 "sets forth specific procedures for imposing criminal forfeiture." *See McIntosh v. United States*, 601 U.S. 330, 333 (2024). Generally, where

"a third party files a petition asserting an interest in the property to be forfeited" under 21 U.S.C. § 853(n)(3), the Court "must conduct an ancillary proceeding." *See* Fed. R. Crim. P. 32.2(c)(1). "[B]efore conducting a hearing," however, the Court "may, on motion, dismiss [a] petition for lack of standing," "failure to state a claim, or for any other lawful reason." *See id.* at 32.2(c)(1)(A)-(B). In assessing a motion to dismiss a petition, "the facts set forth in the petition are assumed to be true." *Id.* at 32.2(c)(1)(A). "[A] motion to dismiss under Rule 32.2" is "treated similarly to a motion to dismiss under Federal Rule of Civil Procedure" 12(b)(6). *See United States v. Akhtar*, No.17-2339, 2018 WL 5883930, at *1 (6th Cir. Sept. 19, 2018) (citation omitted). That is, "the petition must contain enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court sets a **May 15, 2025 at 1:00 p.m.** hearing to assess Petitioner's Claim. The United States must file any motion to dismiss under Rule 32.2 by **March 24, 2025**. Petitioner must file any response to the United States by **April 7, 2025**. The United States must file any reply by **April 14, 2025**. All briefs shall comply with the Court's Local Rules.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2